**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD E. MONTAGUE,<br>Plaintiff<br>v.<br>NDOC, et al.,<br>Defendants | Case No.: 3:25-cv-00337-ART-CSD<br>**Order**<br>Re: ECF No. 25, 28 |

Before the court is Plaintiff's motion for an extension to show cause why he did not file a case management plan. (ECF No. 25.) He filed a second motion for an extension to show cause why he did not file a case management plan. (ECF No. 28.)

On August 31, 2026, the court issued an order to show cause, giving Plaintiff until September 11, 2026, to show cause why he should not be sanctioned for his conduct at the case management conference and for failing to comply with the court's order. The court noted it would hold a telephonic show cause hearing on September 17, 2026. (ECF No. 21.) Plaintiff filed no response to the order to show cause. The court held the show cause hearing on September 17, 2026. It was delayed due to Plaintiff's initial refusal to attend the hearing. (ECF No. 23.) That same day, the court issued a report and recommendation for dismissal of this action. (ECF No. 24.)

The following day, Plaintiff filed this motion stating he seeks an extension of time to show cause why he did not file a case management plan. He goes on to state that he has previously filed a civil action that was settled, and he was not required to file a case management

report, citing case 2:22-cv-34-RFB-VCF. He also states that he is not a lawyer, and he believes the court is retaliating against him by asking for things that are not required. (ECF No. 25.)

The court construes this filing as a request for reconsideration of the recommendation for dismissal of this action for the failure to comply with court orders, including the failure to file a case management report.

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff claims that a case management report was not required in another case that apparently settled before a case management conference was ever held, and as such it did not

reach the point where a case management report was required to be filed. Nevertheless, Plaintiff does not dispute that he was required to file a case management report in this case. Plaintiff has not set forth a basis for reconsideration of the recommendation for dismissal. Therefore, Plaintiff's motions (ECF Nos. 25 and 28) are **DENIED**.

**IT IS SO ORDERED**.

Dated: October 5, 2026

Craig S. Denney
United States Magistrate Judge