**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HARALD E. MONTAGUE,

Plaintiff

v.

NDOC, et al.,

Defendants

Case No.: 3:25-cv-00337-ART-CSD

**Order**

Re: ECF No. 26

Plaintiff has filed a motion for appointment of counsel. (ECF No. 26.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff argues that the court can appoint counsel to each inmate who files a serious complaint; however, Plaintiff is mistaken. Plaintiff further asserts that he has contacted several lawyers who have not agreed to take his case.

The lack of legal education or familiarity with the law and limited access to a law library are circumstances common to almost all pro se inmate litigants and generally do not rise to the level of exceptional circumstances. In addition, the need to conduct research, investigation and discovery are common to all litigation and do not automatically make a case complex. Plaintiff has not demonstrated a likelihood of success on the merits, that his claims are unduly complex or an inability to articulate himself. Therefore, his motion for appointment of counsel (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 5, 2026

Craig S. Denney
United States Magistrate Judge