UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARODL E. MONTAGUE,<br>Plaintiff,<br>v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br>Defendants. | Case No. 3:25-cv-00337-ART-CSD<br><br>ORDER GRANTING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION<br>(ECF Nos. 24, 27) |

Plaintiff Harold E. Montague, proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 seeking redress for alleged Eighth Amendment violations he suffered while in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 12.) He alleges that he was assaulted by three NDOC prison officials, resulting in fractured bones, head trauma, a concussion, and other injuries. (*Id.* at 2.)

Before the Court is the Report and Recommendation ("R&R") issued by Magistrate Judge Craig S. Denney recommending that the action be dismissed with prejudice based on Mr. Montague's persistent failure to comply with court orders and participate in the proceedings. (ECF No. 24.) Mr. Montague filed a "motion for reconsideration" (ECF No. 27) that the Court elects to construe as an objection to the R&R. For the reasons detailed below, the Court grants the objection and declines to adopt Judge Denney's R&R.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court starts by detailing the history of this case giving rise to the magistrate judge recommendation that the action be dismissed with prejudice as sanctions for Mr. Montague's conduct.

Mr. Montague filed the complaint in this action on July 7, 2025. (ECF No.

1.) Prior to screening that complaint, the Court noted on the docket that an inmate early mediation conference had been scheduled in a separate action brought by Mr. Montague, at case no. 3:25-cv-00250-ART-CSD, and ordered the parties to use that conference to work towards a resolution of the issues in this case as well. (ECF No. 6.) The minutes of that conference reflect that the mediation did not occur because Mr. Montague refused to appear. (ECF No. 7.)

The Court thus ordered Mr. Montague to show cause as to why it should not impose sanctions for his failure to appear and set a hearing to address the show cause order. (ECF Nos. 8, 9.) The minutes from that hearing state that Mr. Montague provided background for his failure to appear at the mediation conference and expressed his belief that mediation would not resolve the issues raised in his complaint. (ECF No. 10.) The case then proceeded to screening (ECF No. 11), Mr. Montague's complaint was entered on the docket (ECF No. 12), and Defendants filed an answer to his surviving Eighth Amendment excessive force claim (ECF No. 16).

The Court then set a case management conference before Judge Denney and ordered the parties to each file a case management report. (ECF No. 17.) Defendants timely did so (ECF No. 18), but Mr. Montague did not file a report (ECF No. 19). The minutes from the case management conference indicate that Mr. Montague explained to the Court that he did not file a case management report because he believed it would be a waste of time. (*Id.*) Mr. Montague reiterated his request to be appointed counsel, which the Court had denied at the screening stage (ECF No. 11 at 6-7), and reportedly hung up on the Court before the conference had ended. (ECF Nos. 19, 21.)

On August 31, 2026, Mr. Montague was once again ordered to show cause as to why he should not be sanctioned for repeatedly failing to comply with court orders or meet its deadlines. (ECF No. 21.) The Court set a second show cause hearing for September 17 and instructed Mr. Montague to file a written response

by September 11. (*Id.*) According to the minutes from the show cause hearing, Mr. Montague failed to meet the September 11 deadline and the September 17 hearing was delayed 20 minutes because he initially refused to attend. (ECF No. 23.) The minutes also state that Mr. Montague told the Court that he *had* filed multiple responses to the show cause order before the hearing (*id.*), though at the time the docket did not reflect this.

On September 18, a filing from Mr. Montague was entered on the docket containing three handwritten and signed letters, two of which were dated before the September 11 deadline for responding to the show cause order. (ECF No. 25). One letter, entitled "motion to show cause" and dated September 5, objected to the Court's instruction to file a case management report and repeated his request for counsel. (*Id.* at 2.) Another, dated September 8, requested an extension to the deadline to show cause as to why he did not submit a case management report. (*Id.* at 1.)

On September 17—after the show cause hearing but one day before the above filing was entered on the docket—Judge Denney issued the present R&R. (ECF No. 24.) The R&R explains that, given his pattern of noncompliance with and defiance of court orders, it is recommended that Mr. Montague be sanctioned by dismissing his case with prejudice. (*Id.* at 3-4.) Running through the factors for determining whether dismissal was appropriate, the R&R concludes that no less drastic sanctions would sufficiently address and deter Mr. Montague's conduct. (*Id.* at 5-6.) The R&R gave Mr. Montague until October 1, 2026, to file an objection. (*Id.*)

On September 30, Mr. Montague filed four documents. Three of the documents are the same handwritten letters previously docketed at ECF No. 25. (ECF Nos. 26, 28, 29.) The Court construes the fourth, entitled "motion for reconsideration," as Mr. Montague's objection to the R&R and proceeds to evaluate it under that standard. (ECF No. 27.)

## II. LEGAL STANDARD

Magistrate judges are empowered to issue reports and recommendations on dispositive matters, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. DISCUSSION

In his objection, Mr. Montague argues that the R&R's finding that he failed to submit a response to the show cause order by the September 11 hearing is mistaken. (ECF No. 27.) He asserts that he provided the required documents to the law library for filing well before the Court's deadline, but that the law library did not file the documents until September 18, 2026, after both the September 11 deadline and the September 17 hearing had passed. (*Id.*) Indeed, by the time the documents were entered on the docket, the R&R recommending dismissal with prejudice had already been issued. (ECF No. 24.) More broadly, Mr. Montague asserts that he has tried to comply with the Court's show cause orders. (ECF No. 27.) He also requests that his case be transferred to a new judge. (*Id.*)

Local Rule IA 11-8 permits the imposition of sanctions upon a party who fails to appear at court-ordered hearings, fails to prepare for presentation to the Court, or fails to comply with the Local Rules or any order of the Court. *See also* Fed. R. Civ. P. 41(b) (permitting dismissal of an action for failure to comply with rules or a court order). Deciding whether to dismiss an action on these grounds requires weighing (1) "the public's interest in expeditious resolution of litigation," (2) "the court's need to manage its docket," (3) "the risk of prejudice to the defendants," (4) "the public policy favoring the disposition of cases on their

merits," and (5) "the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006). But "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors—the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket—weigh in favor of dismissal of Mr. Montague's case. The third factor—risk of prejudice to the defendants—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.").

The fifth factor, through which the Court considers the adequacy of less drastic sanctions, requires assessing (1) the feasibility of less drastic sanctions, (2) whether alternative sanctions have previously been implemented, and (3) whether the party was warned that dismissal was possible before ordering it. *Id.* at 1412-13. Here, the docket reflects that Mr. Montague has been warned that he must comply with court orders or else his case may result in dismissal. (ECF Nos. 10, 19.) He has refused to appear or has appeared late to multiple hearings (ECF Nos. 7, 23) and has generally failed to show deference to the court in those proceedings. And on two occasions, he has been ordered to show cause regarding his failure to comply. (ECF Nos. 8, 21.)

The Court does not condone Mr. Montague's obstinance. It does, though, recognize that "he has exhibited *some* effort" to comply with court orders, such

as by trying to timely respond to the show cause order in September. *See Olds v. Sonnen*, No. 2:23-cv-00212-JCM-BNW, 2025 WL 822683, at *7-8 (D. Nev. Mar. 14, 2025) (declining to dismiss an action for noncompliance with discovery orders). Specifically, Mr. Montague's written objection and his statement at the September 17 show cause hearing that he *did* file a response to the show cause order but that the response was filed late for reasons beyond his control are validated by the record: the September 18 filing shows a collection of multiple letters from Mr. Montague that appear to have been prepared on September 5 and 8, *before* the September 11 deadline. (ECF No. 25 at 1-2.) The Court thus acknowledges that Mr. Montague, while dealing with the limitations inherent in proceeding as a pro se incarcerated plaintiff, has shown that he is attempting, albeit imperfectly, to comply with court orders and meet deadlines.

In sum, the Court concludes that dismissal of the action with prejudice is too harsh a penalty at this stage. That said, the sanctions options are limited given Mr. Montague's status, the early stage of litigation, and the fact that he has only one claim to litigate. The Court admonishes Mr. Montague that he cannot refuse to appear at future hearings before Judge Denney or any other judicial officer and he must meet the deadlines and file the documents ordered by the Court, regardless of whether he views them as worthwhile or consistent with his experiences in other courts. Failure to comply may result in dismissal.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's objection (ECF No. 27) is GRANTED Judge Denney's R&R (ECF No. 24) is NOT ADOPTED.

Dated this 9th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE